UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES ANTONIO DEVON WRIGHT, )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:19-cv-02809 (UNA)
)
)
PRESIDENT OF THE UNITED )
STATE BANK, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not

comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff, a prisoner designated to the Larimer County Jail, located in Fort Collins, Colorado, has sued the "President of the United State Bank." The identity of the defendant is unclear, and plaintiff lists defendant's address as that belonging to this courthouse. The complaint identifies this matter as a "suit in equity," however he also seeks $300,000 dollars and restoration of [sic]"the fortune and levying a tax on property, bring back into State." The rambling allegations mostly consist of ruminations on arcane legal authorities, followed by indistinct allegations regarding real property, breach of warranty, corporate liability, insolvency, and malicious prosecution.

The complaint is vague, confused, and fails to provide adequate notice of any claim. The intended defendant is indeterminate, and the complaint also fails to set forth allegations with respect to this Court's jurisdiction over plaintiff's entitlement to relief or a valid basis for any award of damages. As drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a). Therefore, the Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

Date: October 25, 2019

CHRISTOPHER R. COOPER
United States District Judge